544 So.2d 188 (1989)
THE FLORIDA BAR, Complainant,
v.
Milton E. GRUSMARK, Respondent.
No. 72506.
Supreme Court of Florida.
May 11, 1989.
Rehearing Denied July 5, 1989.
*189 John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Kevin Tynan and Randi Klayman Lazarus, Bar Counsel, Miami, for complainant.
Sheryl J. Lowenthal, Coral Gables, for respondent.
PER CURIAM.
This disciplinary proceeding regarding the conduct of respondent, Milton E. Grusmark, a member of The Florida Bar, is before the Court on complaint of The Florida Bar and the referee's report. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee made the following findings of fact:
1. In or about February 1986 the Respondent was retained by Don Silverstein (hereinafter referred to as "Silverstein").
2. Silverstein paid Respondent five thousand dollars ($5,000.00) to handle Silverstein's case and Silverstein paid an additional five thousand dollars on O'Connor's case [Silverstein's codefendant] as O'Connor could not afford legal counsel.
3. The Respondent only worked four or five hours on behalf of Silverstein and O'Connor and in fact the Respondent's only work on Silverstein's and O'Connor's behalf involved a bond hearing to get Silverstein and O'Connor out of jail.
4. The Respondent did nothing else on Silverstein's behalf, as Silverstein was unhappy with the Respondent's work and Silverstein, therefore, retained new counsel after the bond hearing.
5. As a direct result of the Respondent's failure to perform any tasks other than the bond hearing, Silverstein felt that he was entitled to a refund of the fee that Silverstein paid to the Respondent.
6. The Respondent and Silverstein agreed to binding arbitration of this fee dispute before a sub-committee of the Dade County Bar Association Fee Arbitration Committee (hereinafter "Arbitration Committee").
7. Said arbitration only involved the five thousand dollar ($5,000.00) payment that Silverstein made on his own behalf as the Respondent refused to arbitrate O'Connor's fee with Silverstein even though Respondent was aware that Silverstein's funds were used on O'Connor's behalf.
8. The Arbitration Committee after hearing the evidence presented to it on this matter found that Respondent had charged an excessive fee for the work that he had performed on behalf of Silverstein... .
9. The Respondent charged a clearly excessive fee for the amount of legal work that he performed for Silverstein and O'Connor, as ten thousand dollars ($10,000.00) is a clearly excessive fee for four (4) or five (5) hours of legal work.
In addition to the foregoing, the referee noted that Grusmark had been disciplined by this Court in 1978. The Florida Bar v. Grusmark, 366 So.2d 439 (Fla. 1978).
*190 The referee recommends that respondent be found guilty of violating Disciplinary Rule 2-106 (a lawyer shall not charge or collect an illegal or clearly excessive fee) of the Code of Professional Responsibility, that he receive a ten-day suspension and be permitted readmission only upon proof of refunding $3,000.00 to Donald Silverstein, his former client.[*] Counsel for The Florida Bar agrees with the referee's recommendation.
Grusmark, on the other hand, asks us to reverse the referee. He argues that Silverstein hired other counsel without his knowledge, and then demanded the return of the entire advance fee payment. There was no ethical violation, argues Grusmark, because the fee was reasonable in light of the likely effort and skill that would have been needed to mount a defense if the client had not fired him.
We cannot accept this argument. This Court's rules of discipline consistently have recognized that the client has the right to fire private counsel and obtain other private representation any time he or she deems fit. Compare Fla. Bar Code Prof.Resp., D.R. 2-110(B)(4) (1986) with Rule 4-1.16(a)(3), Rules Regulating Fla. Bar (1988). When the client does so, the attorney not only must act to minimize the harm that might befall the client, such as by cooperating with new counsel; the attorney also must account to the client for any funds that have not been reasonably expended. See The Florida Bar v. Hipsh, 441 So.2d 617 (Fla. 1983); The Florida Bar v. Fussell, 390 So.2d 68 (Fla. 1980).
We agree with Grusmark that the fee may not have been excessive at the time of the initial agreement. However, the evidence is overwhelming that this fee became excessive at the time Grusmark was fired and refused to account to his client for the advance payment he had received, as required by the standards of ethics. See Fussell. Indeed, Grusmark apparently has kept this excessive fee for three years. We find this to be a serious impropriety warranting serious discipline, a conclusion underscored by Grusmark's prior disciplinary record.
Accordingly, we accept the referee's findings and order that Grusmark shall be suspended from the practice of law effective June 12, 1989, for a period of ten days. Thereafter, Grusmark shall continue to be suspended from the practice of law until he furnishes satisfactory proof to the staff counsel of The Florida Bar that he has repaid Silverstein $3,000.00. From the date of this opinion and until the suspension takes effect, Grusmark shall not undertake any new representation and shall take all steps necessary to protect the interests of his current clients. In addition, Grusmark shall notify all of his current clients of his pending suspension in the manner required by Rule 3-5.1(h) of the Rules Regulating The Florida Bar. Judgment for costs in the amount of $968.08 is entered against Grusmark, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] The referee did not rule on the failure to refund money paid by Silverstein on behalf of O'Connor. Accordingly, at this time we are unable to reach any ethical question associated with this payment.